**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHERYL PETRASKO, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SPERIAN ENERGY CORP, a Nevada corporation,<br><br>*Defendant.* | Case No. 1:15-cv-04587 |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Sheryl Petrasko brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Sperian Energy Corp to stop its practice of making unsolicited telemarketing calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1. Defendant Sperian is a retail energy supplier operating in multiple states across the United States.

2. Unfortunately for consumers, in an attempt to promote its products and services, Defendant Sperian conducted (and continues to conduct) a wide-scale telemarketing campaign and repeatedly made unsolicited calls to consumers' telephones—including cellular telephones and numbers that appear on the National Do Not Call Registry—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. By making the telephone calls at issue in this Complaint, Defendant caused

Plaintiff and the members of two putative classes of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, as well as the monies paid to their carriers for the receipt of such telephone calls.

4. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers and an award of statutory damages to the members of the Classes under the TCPA, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Sheryl Petrasko is a natural person and citizen of the State of Illinois.

6. Defendant Sperian Energy Corp is a corporation existing under the laws of the State of Nevada with its headquarters located at 2605 Camino Del Rio South, San Diego, California 92108. Sperian is a subsidiary of Sackett National Holdings, Inc. Sperian conducts business throughout this District, the State of Illinois, and the United States.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA (which is a Federal statute).

8. The Court has personal jurisdiction over Defendant because it solicits significant consumer business in this District, has entered into business to business contracts in this District including with Commonwealth Edison, who is a well-known electric service provider in this District (specifically, Chicago, Illinois), and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District. In addition, Sperian is registered

to conduct business in Illinois (as Entity No. 68160073) and is also licensed to operate as an alternative retail electric supplier in Illinois.[1]

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District, has entered into business to business contracts in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Venue is additionally proper because Plaintiff resides in this District.

## COMMON FACTUAL ALLEGATIONS

10. Defendant Sperian is a well-known retail energy supplier in the United States, providing energy in states including Illinois, Pennsylvania, Ohio, Maryland, New York, and New Jersey.

11. Unfortunately for consumers, Defendant utilized (and continues to utilize) a sophisticated telephone dialing system to call homeowners *en masse* for the purpose of promoting its services.

12. In Defendant's overzealous marketing attempts, it placed (and continues to place) phone calls to consumers that never provided consent to be called and to consumers that it had no relationship with. Worse yet, Defendant placed (and continues to place) repeated and unwanted calls to consumers whose phone numbers are listed on the National Do Not Call Registry. Consumers place their phone numbers on the Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

13. Sperian, or agents acting on its behalf, use a variety of local phone numbers to make these sales calls to consumers who live in Sperian "service territories."

---

[1] *See* Alternative Retail Electric Supplier, *Illinois Commerce Commission*, http://www.icc.illinois.gov/docket/CaseDetails.aspx?no=11-0743 (last visited on May 26, 2015).

3

14. Not surprisingly, these practices have led to significant complaints from consumers, such as the following examples found on the Internet:[2]

- On 1/28/15 at about 1:45 ET, I received a phone call from 713-574-8408. The phoner [*sic*] identified as a representative of Sperian Energy, and requested that I change electric suppliers. My phone number has been registered with the National Do-Not-Call Registry for many years, and this company disregarded the tenants of the DNCR by calling me with a sales call. This is an illegal, and so by extension, unethical business practice.[3]

- Sperian is calling folks in Cincinnati. They double-talk to make it sound like they are the same as Duke Energy. They want you to give them your personal information off of your bill. If they were Duke, they would already have the information! They seem to be calling folks based on some list of addresses and phone numbers.[4]

- Above and beyond harrassment! [*sic*] these are the calls today, only today: 11:16, 11:55, 11:58, 12:21, 12:22, 12:30,2:13,2:53, 2:58, its been going on for weeks now, PA do not call list is useless, I think I get twice as many calls since Ive [*sic*] signed up for it.[5]

- Called 17 times since 1/6/15. They REFUSE to remove me from their list and keep calling.[6]

- This company calls here CONSTANTLY, sometimes 3-5 times a day, EVERY DAY. Sperian Energy. It doesn't matter if you tell them not to ever call you again and to remove your number from their calling list. I've told them at least 5 times not to call and to remove our number. One woman told me that I had to not pick up the phone when they call and that removes your number from their computer dialing. I can guarantee you that doesn't work. When I see their number on caller id I don't pick up and they still keep

---

[2] *See* Call Notes for Telephone Number 951-491-8810, *800notes Directory of Unknown Callers*, http://800notes.com/Phone.aspx/1-951-491-8810 (last visited on May 26, 2015).

[3] *See* BBB Business Review for Sperian Energy, *Better Business Bureau*, http://www.bbb.org/sdoc/business-reviews/energy-service-companies/sperian-energy-in-san-diego-ca-172004666/Complaints#breakdown (last visited on May 26, 2015).

[4] *See* Call Notes for Telephone Number 513-394-6305, *800notes Directory of Unknown Callers*, http://800notes.com/Phone.aspx/1-513-394-6305 (last visited on May 26, 2015).

[5] *See* Call Notes for Telephone Number 888-682-8082, *800notes Directory of Unknown Callers*, http://800notes.com/Phone.aspx/1-888-682-8082 (last visited on May 26, 2015).

[6] *See* Call Notes for Telephone Number 857-232-5976, *800notes Directory of Unknown Callers*, http://800notes.com/Phone.aspx/1-857-232-5976/2 (last visited on May 26, 2015).

4

calling.[7]

- Sperian has called me nonstop for weeks using a number from Massachusetts. I reported them to the Mass AG office who recommended I report them to the Federal Trade Commission, Consumer Protection Bureau which I did. Now Sperian is called me using this Houston, Texas number. Who do they think they are fooling? As soon as you tell them not to call you, they will be in violation of Consumer Protection laws if they call you again. REPORT THEM!! I'll be contacting the FTC again today.[8]

- This number has called our home several times a day despite being told that we are not interested in the service offered. The [sic] are from Sperian.[9]

15. Sperian admits publically that it uses third-party telemarketers, in part, to market its services. In one response to an online complaint, a Sperian "compliance and quality control manager" wrote "[w]e apologize that Ms. ***** was telephoned by a sales representative, who is employed by one of our outsourced telemarketing firms."[10] Furthermore, Sperian admits that it supplies the scripts to these outsourced telemarketing companies.

16. In making the phone calls at issue in this Complaint, Sperian and/or its agent utilized an automatic telephone dialing system. Specifically, the hardware and software used by Sperian (or its agent) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Sperian's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous

---

[7] *See* Call Notes for Telephone Number 857-232-5976, *800notes Directory of Unknown Callers*, http://800notes.com/Phone.aspx/1-857-232-5976 (last visited on May 26, 2015).

[8] *See* Call Notes for Telephone Number 713-574-8408, *800notes Directory of Unknown Callers*, http://800notes.com/Phone.aspx/1-713-574-8408 (last visited on May 26, 2015).

[9] *See* Call Notes for Telephone Number 312-379-2982, *800notes Directory of Unknown Callers*,http://800notes.com/Phone.aspx/1-312-379-2982 (last visited on May 26, 2015).

[10] *See* BBB Business Review for Sperian Energy, *Better Business Bureau*, http://www.bbb.org/sdoc/business-reviews/energy-service-companies/sperian-energy-in-san-diego-ca-172004666/Complaints#breakdown (last visited on May 26, 2015).

5

calls simultaneously (all without human intervention). Sperian's own employee even admits to using a dialer system produced by a well-known call center solutions company called Five9.[11]

17. Sperian hires third-party telemarketers to solicit potential customers in the Pennsylvania, Illinois, Ohio, New Jersey, Maryland, and New York markets.

18. Sperian knowingly made—or had made on its behalf—telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after requests to stop. As such, Sperian not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

### FACTS SPECIFIC TO PLAINTIFF SHERYL PETRASKO

19. Starting in or around February 2015, Plaintiff Petrasko began receiving calls on her cellular telephone from the phone number (773) 272-3704.

20. Plaintiff Petrasko received calls almost daily, sometimes twice per day, for several weeks. When Plaintiff answered one of these calls on February 25, 2015, she heard a long pause while she waited to be connected to a live operator. The live operator stated that he was calling from Sperian. The operator attempted to solicit her to subscribe to Sperian's services to reduce her electricity charges. When Plaintiff requested that Sperian stop calling her, the operator said he "would try." Notwithstanding this request, Plaintiff continued to receive calls from Sperian.

21. Plaintiff does not have a relationship with Sperian, has never provided her telephone number directly to Sperian, and has never requested that Sperian place calls to her or offer her its services. Simply put, Plaintiff has never provided Sperian with her prior express consent to place calls to her and has no business relationship with Sperian.

---

[11] *See* LinkedIn Profile for Phillip L. Randazzo, *LinkedIn Corporation*, https://www.linkedin.com/in/randazzophillip (last visited on May 26, 2015).

22. Plaintiff's cellular telephone number has been registered with the National Do Not Call Registry since August 8, 2005 for the express purpose of avoiding telemarketing calls like those alleged in this case.

23. Nonetheless, Sperian placed more than two unsolicited phone calls to Plaintiff's telephone between February and March of 2015.

24. Sperian is and was aware that the above-described telephone calls were and are being made to consumers like Plaintiff who had not consented to receive them and whose telephone numbers were registered with the National Do Not Call Registry.

## CLASS ALLEGATIONS

25. **Class Definitions**: Plaintiff Petrasko brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and two classes of similarly situated individuals, defined as follows:

> **Cellular Telephone Class**: All persons in the United States who received a telephone call: (1) on a cellular telephone number; (2) from (or on behalf of) Sperian Energy Corp that was made for the purpose of selling Sperian products and services; and (3) for whom Defendant had no record of prior express written consent to make such telephone calls at the time they were made.
>
> **Do Not Call Class**: All persons in the United States who received more than one telephone call: (1) on a telephone number; (2) which had been listed on the National Do Not Call Registry for at least thirty days; (3) from (or on behalf of) Sperian Energy Corp that was made for the purpose of selling its products and services; and (4) for whom Defendant had no record of express consent to make such telephone calls at the time they were made.

The following people are excluded from the Cellular Telephone Class and Do Not Call Class (collectively, the "Classes"): (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a

7

timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26. **Numerosity**: The exact size of the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall into the definitions of the Classes. Members of the Classes can be easily identified through Defendant's records.

27. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

**The Cellular Telephone Class**:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant systematically made telephone calls to consumers—including Plaintiff and the Cellular Telephone Class—who did not previously provide Defendant and/or its agents with their prior express consent to receive such telephone calls;

(c) Whether Defendant systematically made telephone calls to consumers—including Plaintiff and the Cellular Telephone Class—utilizing an ATDS; and

(d) Whether Plaintiff and the members of the Cellular Telephone Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**The Do Not Call Class**:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant systematically made telephone calls to consumers—including Plaintiff and the Do Not Call Class—who did not previously provide Defendant and/or its agents with their prior express consent to receive such telephone calls;

    (c)    Whether Defendant systematically made telephone calls to consumers—including Plaintiff and the Do Not Call Class—whose telephone numbers were registered with the National Do Not Call Registry (for at least thirty days); and

    (d)    Whether Plaintiff and members of the Do Not Call Class are entitled to treble damages based on the willfulness of Defendant's conduct.

28.    **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff and members of the Classes sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Classes.

29.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

30.    **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Classes, and making final injunctive

relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

31. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**(On behalf of Plaintiff and the Cellular Telephone Class)**

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Cellular Telephone Class—without their prior express consent—in an effort to sell its energy services.

34. Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*.

35. Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Cellular Telephone Class simultaneously and without human intervention.

36. By making unsolicited telephone calls to Plaintiff's and the Cellular Telephone Class members' cellular telephones without prior express consent, and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

37. As a result of Defendant's unlawful conduct, Plaintiff and the members of the Cellular Telephone Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular phones and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

38. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Cellular Telephone Class.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**(On behalf of Plaintiff and the Do Not Call Class)**

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

41. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

42. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

43. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that

person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

44. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to residential and wireless telephone subscribers such as Plaintiff and the Do Not Call Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

45. Defendant made more than one unsolicited telephone call to Plaintiff and members of the Do Not Call Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and members of the Do Not Call Class never provided any form of

consent to receive telephone calls from Defendant and/or Defendant does not have a current record of consent to place telemarketing calls to them.

46. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Do Not Call Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request to not receive telemarketing calls from them.

47. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Class members received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled to, *inter alia*, receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

48. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sheryl Petrasko, individually and on behalf of the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Plaintiff Sheryl Petrasko as the representative of the respective Classes, and appointing her counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendant and its agents to cease all unsolicited

14

telephone calling activities, and otherwise protecting the interests of the Classes;

  4.  An award of reasonable attorneys' fees and costs; and

  5.  Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

            Respectfully Submitted,

            **SHERYL PETRASKO**, individually and on behalf of all others similarly situated,

Dated: May 26, 2015      By: /s/ Benjamin H. Richman
              One of Plaintiff's Attorneys

            Rafey S. Balabanian
            rbalabanian@edelson.com
            Benjamin H. Richman
            brichman@edelson.com
            Courtney C. Booth
            cbooth@edelson.com
            EDELSON PC
            350 North LaSalle Street, Suite 1300
            Chicago, Illinois 60654
            Tel: 312.589.6370
            Fax: 312.589.6378

            Stefan L. Coleman
            law@stefancoleman.com
            LAW OFFICES OF STEFAN COLEMAN, LLC
            1072 Madison Avenue, Suite 1
            Lakewood, New Jersey 08701
            Tel: 877.333.9427
            Fax: 888.498.8946