**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHERYL PETRASKO, individually and on behalf of all others similarly situated, | Case No. 1:15-cv-04587 |
| *Plaintiff,* | Honorable John J. Tharp, Jr. |
| v. | |
| SPERIAN ENERGY CORP, a Nevada corporation, | |
| *Defendant.* | |

**INITIAL STATUS REPORT**

1.      **The Nature of the Case:**

      **a.**      **Attorneys of Record**

Attorneys of Record for Plaintiff Sheryl Petrasko:

Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan L. Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax: 888.498.8946

Attorney of Record for Defendant Sperian Energy Corp:

David C. Layden
dlayden@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Tel: 312.222.9350

      **b.**      **Nature of Plaintiff's Claims**

Plaintiff Sheryl Petrasko ("Plaintiff") alleges that Defendant Sperian Energy Corp.

("Defendant")—a retail energy supplier operating in multiple states across the United States—conducted a wide-scale telemarketing campaign through which it made repeated unsolicited calls to consumers' telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Specifically, Plaintiff alleges that Defendant made these telemarketing calls without obtaining the putative class members' prior express consent and/or despite the fact that the telephone numbers called were registered on the National Do Not Call Registry.

### c. Major Legal and Factual Issues

Plaintiff's Position: Plaintiff believes that the major legal and factual issues in this case include, but are not limited to: (1) whether Defendant's conduct violated the TCPA, (2) whether Defendant systematically made telephone calls to consumers who did not provide Defendant and/or its agents with their prior express consent to receive such telephone calls, (3) whether Defendant systematically made telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry (for at least thirty days), (4) whether Plaintiff and the consumers whose telephone numbers were registered with the National Do Not Call Registry are entitled to treble damages based on the willfulness of Defendant's conduct, and (5) whether Plaintiff's claims are appropriate for class certification under Fed. R. Civ. P. 23.

Defendant's Position: Defendant believes that the major legal and factual issues in this case also include, but are not limited to, whether Defendant is liable for calls made by other entities allegedly in violation of the TCPA, whether Plaintiff's claims are barred by one or more of Defendant's affirmative defenses, and, in the event that Plaintiff is able to establish liability for violation of the Do Not Call regulations, the amount of damages, if any, that should be awarded.

### d. Relief Sought by Plaintiff: Plaintiff seeks to recover, on behalf of herself and

two alleged classes of similarly situated individuals, an award of actual and statutory damages under the TCPA, an injunction requiring Defendant and its agents to cease all unsolicited telephone calling activities, and an award of reasonable attorneys' fees and costs. (*See* Dkt. 1, Prayer for Relief.)

2.      **The Court's Subject Matter Jurisdiction:** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

3.      **Status of Service:** Defendant was properly served with the summons and complaint in this matter on May 27, 2015. (Dkt. 4.)

4.      **Consent to Proceed Before a United States Magistrate Judge:** The Parties respectfully decline to proceed before a United States Magistrate Judge for all purposes in this action, but are otherwise amenable to referrals to a Magistrate Judge as the Court deems appropriate.

5.      **Pending Motions:** When Plaintiff filed the action, she simultaneously filed a motion for class certification, which the Court entered and continued on May 26, 2015. (Dkt. 3.) No other motions are currently pending and Defendant has answered the complaint. (Dkt. 18.)

6.      **Status of Settlement Discussions:** The Parties have not yet engaged in any substantive settlement discussions. The Parties, however, are willing to explore the possibility of settlement either through private mediation or a Court-ordered settlement conference.

                                    Respectfully submitted,

                                    **SHERYL PETRASKO**, individually and on behalf
                                    of all others similarly situated,

Dated: September 18, 2015           By: /s/ Benjamin H. Richman
                                          One of Plaintiff's Attorneys

Rafey S. Balabanian
rbalabanian@edelson.com
Benjamin H. Richman
brichman@edelson.com
Courtney C. Booth
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan L. Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
1072 Madison Avenue, Suite 1
Lakewood, New Jersey 08701
Tel: 877.333.9427
Fax: 888.498.8946

**SPERIAN ENERGY CORPORATION**

Dated: September 18, 2015          By: /s/ David C. Layden
                                        One of its Attorneys

David C. Layden
dlayden@jenner.com
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
Tel: 312.222.9350

## CERTIFICATE OF SERVICE

I, Benjamin H. Richman, an attorney, hereby certify that on September 18, 2015, I served the above and foregoing ***Initial Status Report*** by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Benjamin H. Richman